UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SHANNON and
CECILIA SHANNON,

    Plaintiffs,

                                                                        Case No. 10-14695
v.                                                         Hon. Lawrence P. Zatkoff

JP MORGAN CHASE & CO.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 23, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiffs' motion to remand to state court [dkt 6]. Defendant has responded to the motion, and the time period for Plaintiffs to file a reply brief has elapsed.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the following reasons, Plaintiffs' motion is DENIED.

**II.  BACKGROUND**

Plaintiffs originally filed this action in the Oakland County Circuit Court, alleging that Defendant violated the Michigan Collection Practices Act, M.C.L. § 445.251, *et seq.* (the "Collection Act"), and the Michigan Consumer Protection Act, M.C.L. § 445.901, *et seq.* (the

"Consumer Act"). Since 2007, Defendant allegedly called Plaintiffs up to three times a day to collect a mortgage debt that Plaintiffs allegedly owed. Based on the allegations in Plaintiffs' complaint, Defendant removed the action to this Court based upon diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Defendant represents that complete diversity exists because Plaintiffs are residents of Macomb County, Michigan, and Defendant is a citizen of Delaware, New Jersey, and Ohio.[1] Plaintiffs do not contest that the parties are diverse. Rather, Plaintiffs now move to remand the action to state court on the basis that their claims do not meet the $75,000 amount in controversy requirement. Plaintiffs' complaint states that because of Defendant's phone calls and report of the debt to credit reporting agencies, Plaintiffs suffered damages in excess of $25,000. Plaintiffs also seek treble damages for the alleged violations of the Collection Act. In dispute is whether Plaintiffs' complaint alleges a claim of damages in excess of $25,000, but less than $75,000. In the instant motion, Plaintiffs also request an award for attorney fees and costs incurred as a result of Defendant's removal of this action to federal court. The Court agrees with Defendant and finds that Plaintiffs' complaint alleges damages in excess of $75,000, and declines to award Plaintiffs' their attorney fees and costs.

### III. LEGAL STANDARD

To avoid an order of remand where jurisdiction is based on the diversity of the parties, a removing defendant must prove that a plaintiff's damages will more likely than not exceed the jurisdictional minimum of $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). To do so, the Court must consider the complaint at the time of removal. *See id.*

---

[1] Defendant asserts that "JP Morgan Chase & CO.", as listed in the caption, is improperly identified by Plaintiffs, as it is actually two companies—JPMorgan Chase Bank and Chase Home Finance Inc.

## IV. ANALYSIS

Defendant contends that this Court has diversity jurisdiction over this action because Plaintiffs have requested damages in excess of $25,000, plus treble damages, thus exceeding $75,000 if Defendant is found to be liable. Plaintiffs argue that Defendant did not set forth any facts in its notice of removal to support the statement that Plaintiffs' requested damages exceed $75,000. According to Plaintiffs, the statutory damages permitted are nominal, and the $25,000 in requested damages "had already considered the statutory penalties, including the treble damage provision the Collection Act."

The Court agrees with Defendant. Because Plaintiffs claim damages in excess of $25,000, plus treble damages, as well as exemplary and other requests for relief, the Court finds that it is more likely than not that Plaintiffs' damages would exceed $75,000 if Defendant is found liable to Plaintiffs.

Here, Plaintiffs' complaint alleges that they "have suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress and suffering for which they should be compensated . . . ." Plaintiffs also claim that the constant calls "exasperated Plaintiff Cecilia Shannon's bipolar disorder" and that Plaintiffs "were denied vehicle financing with JP Morgan Chase Bank." Plaintiffs allege a separate count for exemplary damages because "[t]he acts and omissions alleged against Defendant [sic] were willful and wanton and, as a result, exacerbated Plaintiffs' damages."

First, after review of Defendant's notice of removal, Defendant did support its claim that the amount in controversy exceeds $75,000. Second, and most convincing, is Plaintiffs' request for damages in their Collection Act claim. Plaintiffs' complaint states that they seek damages against

Defendant "in whatever amount above $25,000 they are found to be entitled, *together with* statutory damages, treble damages, interest, costs and reasonable attorney fees as provided by statute." (emphasis added). Plaintiffs' attempt to reformulate their damages in the instant motion and brief is unpersuasive. The words "together with" means "along with", "in addition to", or "in combination with." OXFORD ENGLISH DICTIONARY ONLINE, http://oxforddictionaries.com (last visited February 18, 2011). Thus, Plaintiffs have requested an amount above $25,000 in damages *in addition to* treble damages. Plaintiff argues in its brief that the actual damages permitted for a violation of the Collection Act are only nominal. However, the statute allows recovery "in the amount of actual damages" and, if Defendant's violation was wilful, which Plaintiffs allege it was, then "the court may assess a civil fine of not less than 3 times the actual damages." M.C.L. § 445.257.

As such, the Court finds that based on Plaintiffs' complaint at the time of removal, it is more likely than not that there is at least $75,000 in controversy, and that the parties are diverse. Therefore, the Court concludes that this action was properly removed, and it will deny Plaintiffs' motion to remand. Further, Plaintiffs' request for attorney fees and costs as a result of Defendant's removal is also denied.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' motion to remand to state court [dkt 6] is DENIED.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: February 23, 2011

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2011.

                                S/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290